**FILED**
**March 24, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-618** (Mason County CC-26-2023-F-9)

**Bobby Wolford,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bobby Wolford appeals his convictions, as reflected in the Circuit Court of Mason County's September 29, 2023, sentencing order, for felony murder and conspiracy to commit robbery.[1] The petitioner claims that the circuit court erred in denying his motions for judgment of acquittal based on the sufficiency of evidence. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In January 2023, the petitioner was indicted for felony murder "committed in the perpetration of or attempt to perpetrate" robbery, conspiracy to commit robbery, first-degree robbery, and concealment of a deceased human body in connection with the death of John Michael Gomez. The petitioner's codefendant, Rikki Parsons-Wise, was jointly indicted for felony murder, conspiracy to commit robbery, second-degree robbery, and concealment of a deceased human body. Before the petitioner's trial, Ms. Parsons-Wise pled guilty to conspiracy to commit robbery and concealment of a deceased human body and, as a part of the plea agreement, she agreed to testify at the petitioner's trial.

At trial, Corporal S.C. Allen from the West Virginia State Police testified that on March 8, 2022, he responded to a 9-1-1 call about a dead person in a ditch on Carson Road near Mason, West Virginia. Corporal Allen testified that evidence at the scene indicated that the decedent's name was John Michael Gomez. During Corporal Allen's investigation, he interviewed Mr. Gomez's girlfriend Cheyanne Lambert, who revealed that "a silver Jeep" registered to Ms.

---

[1] The petitioner appears by counsel David Richardson. The State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

Parsons-Wise's grandmother was involved in the incident, and that Ms. Parsons-Wise was in the Jeep with Mr. Gomez on the day that he was killed. Corporal Allen located the Jeep in a secure tow yard in Cleveland, Ohio, and learned that it was driven there by Ms. Parsons-Wise and the petitioner. Corporal Allen further testified that the investigation of Mr. Gomez's cell phone revealed "some conversations between Mr. Gomez and Rikki Parsons-Wise about buying some marijuana. Her buying marijuana from him."

Ms. Parsons-Wise testified that the petitioner killed Mr. Gomez. She explained that the petitioner "wanted to hit a lick, which means he wanted to make some quick money. Rob somebody[,]" and she recommended Mr. Gomez as a target. To accomplish this task, Ms. Parsons-Wise set up a marijuana sale with Mr. Gomez, and she and the petitioner picked up Mr. Gomez in her Jeep. Ms. Parsons-Wise testified that during the transaction, the petitioner hit Mr. Gomez in the head with a pistol, shot him, and then "took his body and threw him out of the car into a ditch." She explained that the petitioner rifled through Mr. Gomez's belongings and took his cash and an ounce of marijuana.[2] Although Ms. Parsons-Wise initially told Corporal Allen that the petitioner had acted in self-defense when he shot Mr. Gomez, she admitted at trial that this was a lie. The State also presented scientific evidence from a forensic pathologist, Dr. Willis Ennis, showing that Mr. Gomez died from a gunshot wound to the torso. Further, a forensic scientist, Angela Gill, testified that Mr. Gomez's blood was found inside the Jeep. In addition, Kayla Lee, a friend of Ms. Parsons-Wise, testified that Ms. Parsons-Wise had told her that she and the petitioner were going to rob Mr. Gomez.

After the State rested its case, the petitioner moved for a judgment of acquittal arguing that there was insufficient evidence to support convictions. The court denied the motion, finding that the petitioner had told Ms. Parsons-Wise that "he wanted to hit a lick," and she knew this meant that he wanted to rob someone. The court also noted that Ms. Parsons-Wise "made the contact for the person to be robbed" and drove the vehicle, which "goes hand-in-hand with the conspiracy."

During the defense's case, the petitioner testified that Ms. Parsons-Wise had arranged a marijuana transaction with Mr. Gomez, but he denied that he had planned to rob Mr. Gomez. The petitioner stated that after he purchased marijuana from Mr. Gomez for $300, Mr. Gomez "put a gun to the back of my head" and that he shot Mr. Gomez in self-defense while they struggled over the gun. After the shooting, the petitioner stated that he was afraid to report the incident to the police or take Mr. Gomez to the hospital, so he "laid Mr. Gomez in a ditch[.]" The petitioner admitted that he took back the $300 that he gave Mr. Gomez for the marijuana because "[i]t's mine." The petitioner denied telling Ms. Parsons-Wise what to say if they were questioned by police and insisted that Ms. Parsons-Wise and Ms. Lee were "very much" liars.

After the defense rested its case, the petitioner's counsel renewed the motion for a judgment of acquittal, arguing that the State had presented insufficient evidence of first-degree robbery or

---

[2] Ms. Parsons-Wise further testified that she had $45 before she picked up Mr. Gomez, and she had "over $200" after the incident.

2

conspiracy to commit robbery. The court denied the motion and the jury convicted the petitioner of felony murder, conspiracy to commit robbery, and concealment of a deceased human body.[3] At sentencing, the court imposed a term of life imprisonment without mercy for felony murder, one to five years of imprisonment for conspiracy to commit robbery, and one to five years of imprisonment for concealment of a deceased human body.

On appeal, the petitioner states that the circuit court erred when it denied his motions for judgment of acquittal based on the sufficiency of evidence.[4] The petitioner claims that, other than Ms. Parsons-Wise's "self-serving" testimony, the State failed to present any evidence of a plan to rob Mr. Gomez. The petitioner also argues that it was Mr. Gomez who tried to rob him and "died in the ensuing struggle[,]" and that Mr. Gomez "was dead before any property was taken from his body[.]"

This Court "applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). When this Court reviews a challenge to the sufficiency of evidence to support a conviction, we "must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further, we have held that "[c]redibility determinations are for a jury and not an appellate court[,]" and "a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilty beyond a reasonable doubt." *Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

To obtain a felony murder conviction in this case, the State was required to prove "both the underlying felony [robbery] and the homicide[.]" *See State v. Julius*, 185 W. Va. 422, 434, 408 S.E.2d 1, 13 (1991). The elements of felony murder are: "(1) the commission of, or attempt to commit, one or more of the enumerated felonies; (2) the defendant's participation in such commission or attempt; and (3) the death of the victim as a result of injuries received during the course of such commission or attempt." Syl. Pt. 5, in part, *State v. Mayle*, 178 W. Va. 26, 357 S.E.2d 219 (1987); *see* W. Va. Code § 61-2-1 (providing that robbery is one of the enumerated felonies that may provide the basis for a felony murder conviction). Unlike traditional first-degree murder, this Court will sustain a felony murder conviction even if the homicide occurred accidentally during the robbery. *See* Syl. Pt. 7, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978). To prove that a robbery occurred in this case, the State needed to demonstrate that the petitioner unlawfully took and carried away money or goods from Mr. Gomez by force or putting him in fear, with the intent to steal the money or goods. *See* Syl. Pt. 1, *State v. Harless*, 168 W. Va.

---

[3] Because the jury convicted the petitioner of felony murder based upon robbery, it did not render a verdict on the charge of first-degree robbery.

[4] On appeal, the petitioner only challenges the sufficiency of evidence presented to support his convictions for felony murder and conspiracy to commit robbery. He does not challenge his conviction for concealment of a deceased human body.

707, 285 S.E.2d 461 (1981) (defining the common law elements of robbery); *State v. England*, 180 W. Va. 342, 347, 376 S.E.2d 548, 553 (1988) (ruling that "the elements of robbery, unaffected by the statute, are derived from the common law").

Here, viewing the evidence in the light most favorable to the State, the State presented sufficient evidence from which a jury could convict the petitioner of felony murder based upon his robbery of Mr. Gomez. Ms. Parsons-Wise testified about the planned robbery and the encounter with the victim, and her testimony was corroborated by the scientific evidence and by the testimony of Ms. Lee. In sum, the State provided sufficient evidence of robbery through testimony indicating that the petitioner intended to steal from Mr. Gomez, and that he accomplished his goal by having Ms. Parsons-Wise set up the drug transaction, by forcefully taking Mr. Gomez's gun, and by taking cash and marijuana from Mr. Gomez. It is uncontroverted that Mr. Gomez died during this encounter. To the extent that the petitioner attacks the credibility of the State's witnesses, "[c]redibility determinations are for a jury and not an appellate court." *See Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part; Syl. Pt. 2, *State v. Bailey*, 151 W. Va. 796, 155 S.E.2d 850 (1967) (holding that "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses").

Viewing the evidence in the light most favorable to the State, the State also presented sufficient evidence to convict the petitioner of conspiracy to commit robbery. To prove conspiracy, the State "must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, in part, *State v. Less*, 170 W. Va. 259, 294 S.E.2d 62; W. Va. Code § 61-10-31(a)(1) (providing that it is unlawful for two or more persons to conspire to commit any offense against the State). An "agreement may be inferred from the words and actions of the conspirators, or other circumstantial evidence[.]" *Id.* at 265, 294 S.E.2d at 67 (citations omitted). The State presented evidence through the testimony of Ms. Parsons-Wise and Ms. Lee of the agreement between Ms. Parsons-Wise and the petitioner to rob Mr. Gomez, and of Ms. Parsons-Wise's overt act in securing the presence of Mr. Gomez in their vehicle for this purpose.

Therefore, the circuit court did not err when it denied the petitioner's motions for judgment of acquittal based on the sufficiency of evidence. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III